FILED 13 SEP '11 14:07 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID NEAL AND KAREN NEAL,     11-6084-TC

Plaintiffs,

v.     ORDER

CAC FINANCIAL CORPORATION,

Defendant.

COFFIN, Magistrate Judge:

On March 10, 2011, plaintiffs filed this action alleging violations of the Fair Dept Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq. (#1). A few months later, plaintiffs filed an amended complaint against Greenberg, Stein & Associates, LLC. and a stipulated notice of Dismissal of CAC Financial Corporation (CAC). (#s11, 12). Currently before me is CAC's motion for attorney fees under 28 U.S.C. § 1927. (#13). Plaintiffs' counsel opposes the fees motion and seeks reimbursement for the time he spent responding to CAC's motion. (#19-1 at ¶ 19).

A review of the relevant filings reveals the following. Plaintiffs informed their counsel that CAC Financial was making harassing phone calls to them and their relatives in violation of the

Page 1 - ORDER

FDCPA. Plaintiffs' counsel ascertained that the above captioned CAC is the only active entity licensed to do business in Oregon under the name CAC Financial. Shortly after CAC was served with plaintiffs' complaint it contacted plaintiffs' counsel to deny making the alleged phone calls and to request that plaintiffs' counsel provide, among other things, the number from which the collections calls originated. Plaintiffs' counsel refused to do so, fearing that CAC would then delete the calls from its call logs. Counsel did tell CAC that the calls came from a Georgia area code. Plaintiffs' counsel requested that CAC provide its long distance carrier so plaintiffs' counsel could issue a subpoena to determine if CAC made the calls. CAC refused to provide this information. Based on conversations with his staff and IT experts, plaintiffs' counsel was not convinced that CAC was not the proper defendant, despite the CAC staff attorney's representations. (#19-1 at ¶¶ 6,7).

In late March, plaintiffs' counsel was hospitalized for four days and, upon his return, his legal assistant went on maternity leave. Thus, he claims he was unable to respond to CAC's requests for additional information and an extension of time to file an answer. Plaintiffs' counsel's failure to respond to CAC necessitated their retaining local counsel. Plaintiffs' counsel continued to refuse to reveal the numbers from which the collections calls originated, requiring CAC to prepare and serve discovery requests. CAC used the information it received in response to its discovery requests to show that the phone number associated with the collections calls belonged to Georgia company Greenberg LLC or Greenberg, Stein and Associates, LLC (Greenberg). After receiving this information, plaintiffs' counsel offered to stay discovery while he investigated Greenberg's involvement. CAC refused counsel's offer and again refused to provide CAC's long distance number so that plaintiffs' counsel could subpoena its long distance carrier to see if CAC had called plaintiffs. Counsel also told CAC's local counsel that he could not locate the Georgia company.

Page 2 - ORDER

On June 17, 2011, the date that CAC had noticed plaintiffs for depositions, CAC provided plaintiffs' counsel with a copy of the Geogia Secretary of State's website with Greenberg's corporate information. Plaintiffs' counsel asked to stay the litigation pending his investigation of Greenberg's involvement in the collection calls, but CAC refused. Plaintiffs ultimately decided to dismiss their claim against CAC without prejudice so that plaintiffs would not be subject to two depositions (if Greenberg was substituted and noticed a second deposition) and to save costs and time.

28 U.S.C. § 1927 provides that any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess cost, expenses and attorneys fees reasonably incurred because of such conduct." In support of its motion for fees, CAC asserts that plaintiffs' counsel failed to take reasonable steps to avoid this action against CAC, claiming that a "reasonably inquiry before filing suit would have revealed that CAC was not the proper defendant. (#14 at p. 5-6). CAC also claims that plaintiffs' counsel prolonged and multiplied the proceedings by failing to cooperate with CAC and CAC's local counsel.

Plaintiffs' counsel' actions were neither unreasonable nor vexatious. Although CAC argues that counsel could have ascertained the proper defendant with a simple investigation, it was not unreasonable that counsel named CAC as a defendant as: (1) his clients reported calls from CAC Financial and (2) CAC was the only entity licensed to do business in Oregon. This is not an instance where the complaint contained allegations unsupported by any information. Given these circumstances, counsel had no reason to believe that an entity entirely unconnected to CAC would be collecting debts using CAC's name.[1] In short, an objectively reasonable person could conclude

---

[1] For example, in the discussion about dismissing this case, one of CAC's lawyers states: "...let's be clear since CAC Financial seems to be an ambiguous term. The defendant, CAC Financial Corp., an Oklahoma Corporation, has approved that." (#18-2 at 4:9-13).

Page 3 - ORDER

based on these facts that the CAC registered with the Oregon Secretary of State was the proper defendant. This is not an instance where plaintiffs failed to conduct a reasonable inquiry before filing a FDCPA complaint. Terran v. Kaplan, 109 F.3d 1428, 1435 (9th Cir. 1997).

Similarly, I cannot find that counsel multiplied the proceedings by refusing to provide the number from which the collections calls originated and by not responding to several of CAC's emails or phone calls. The filings reveal that both parties refused to provide information–plaintiffs' counsel refused to provide the number from which the calls originated and CAC refused plaintiffs' requests to provide their long distance carrier information so that counsel could subpoena them to determine if CAC made the calls. Counsel has also explained that he experienced medical issues and a staffing shortage which rendered him unable to respond to CAC's requests. Finally, given that the CAC specifically reserved their right to pursue attorney fees in the discussion regarding dismissal, I cannot find that plaintiffs' counsel is entitled to recover his fees for responding to this motion.

CAC's motions for attorney fees (#13) is denied.

IT IS SO ORDERED

DATED this 12<sup>T</sup> day of September 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge