UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DAVID NEAL AND KAREN NEAL, | 6:11-cv-6084-TC |
| Plaintiffs, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATION |
| CAC FINANCIAL CORPORATION, | |
| Defendant. | |

COFFIN, Magistrate Judge:

Plaintiffs bring this action alleging violations of the Fair Dept Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq. Almost a year ago, plaintiff's filed am amended complaint against defendant Greenberg, Stein & Associates, LLC (Greenberg) and stipulated to dismissal of CAC Financial Corporation. (#s 11, 12). The docket reflects that plaintiffs served their amended complaint on Greenberg on August 26, 2011. (#27). Greenberg has not filed an answer and plaintiffs have not moved for a Clerk's entry of default.

Accordingly, on April 12, 2012, I ordered plaintiffs to show cause why they had not moved for a Clerk's entry of default or move for an entry of default within fifteen days. I cautioned

Page 1 - ORDER AND FINDINGS AND RECOMMENDATION

plaintiffs that failure to act could result in a recommendation that this action be dismissed for failure to prosecute. To date, plaintiffs have filed nothing in response to the order to show cause.

The trial court has discretion under Fed.R.Civ.P. 41(b) in dismissing an action for failure to comply with a court order. Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir.1975). However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir.2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999). The trial judge can best judge whether delay in a case interferes with the court's docket management and the public interest. Patalunan, 291 F.3d at 639. Given the parties' failure to act in this case since September 2011 and plaintiffs' lack of response to the court's recent show cause order, both the first and second factors favor dismissal. As dismissal of this action will not prejudice defendants, the third factor weighs for dismissal. The court has attempted less drastic alternatives–my courtroom deputy has emailed and left voicemails for plaintiffs' counsel regarding the status of this case, and I have issued an order to show cause. Unfortunately, the less drastic alternatives have not worked. This factor also favors dismissal. Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir.1981) (Although the court must consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal.) The final factor–the public policy favoring disposition of cases on

Page 2 - ORDER AND FINDINGS AND RECOMMENDATION

their merits, weighs against dismissal. However, this factor is outweighed by the other factors. Accordingly, I recommend that the court dismiss this action without prejudice.

## Conclusion

## Order

Within five days of the date this order is filed, plaintiffs' counsel shall file proof that he mailed a copy of this order to plaintiffs David and Karen Neal at their current address.

## Findings and Recommendation

I recommend that this court dismiss this action without prejudice.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

IT IS SO ORDERED

DATED this 15th day of May 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge